Littler

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Jean L. Schmidt
Shareholder
212.497.8486 direct
646.320.1638 mobile
646.417.7534 fax
JSchmidt@littler.com

March 15, 2021

**BY ECF FILING**
The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Andrea Rossbach v. Montefiore Medical Center, et al.
19-cv-5758 (DLC)

Dear Judge Cote:

We are counsel to the Defendants in the above-referenced matter. Pursuant to Your Honor's Individual Rules, we seek permission of the Court to move for an order dismissing the remaining claims in this action with prejudice and assessing sanctions and costs against Plaintiff and her counsel for spoliation of evidence, perpetration of a fraud on the Court, and perjury.

*Background*: The document in question is a single page that contains three text messages allegedly sent to Plaintiff by Defendant Morales (the "Document", *see* Exhibit A). These text messages are the only documentary evidence of Morales's alleged sexual harassment of Plaintiff. The Document was produced on May 20, 2019 at 8:59 p.m., the eve of a settlement conference with the Magistrate. Defendants asked for production of the physical phone containing the text messages ("cellphone A"). When it was finally produced, it had been wiped clean. On October 29, 2020, Plaintiff testified at her deposition that when cellphone A broke, she replaced it with cellphone B ("cellphone B"), and placed cellphone A in a drawer. She further testified that although cellphone A's screen had shattered and ink bled across the screen, she could still see the text messages and used cellphone B to take a photo (not a screen shot) of the text messages on cellphone A. Plaintiff did not preserve cellphone B, but traded it in.

While preparing Defendants' Motion for Partial Summary Judgement, Defendants recognized that Plaintiff's testimony about cellphone A was totally at odds with the Document. In the alleged photo of cellphone A, its screen is not shattered, there is no ink bleed, and the text messages are unobstructed. Even an un-trained eye can immediately tell that the Document is not a photo of a broken cellphone. At that point, Defendants engaged a forensic expert to examine cellphone A and determine the authenticity of the Document.

*Findings of the Forensic Examination*: The forensic examination confirmed Defendants' suspicion that the Document was a forgery. Besides the fact that the Document is not a photo of a shattered cellphone screen, the styling, spacing, font, emoji and other features of the text messages did not exist at the time that Morales allegedly sent the text messages to Plaintiff. The forensic expert identified nearly two dozen different features of the text messages that were inconsistent with Apple's messages rules for the iPhone 5. Several of the features only became available in subsequent iPhone versions or were consistent with the features used by software that enables text messages to be faked. The Document also does not contain the text messages that were sent to Plaintiff by Morales during the same time period. In sum, the Document mixes and matches characteristics from multiple iOS systems, violates iPhone standards, violates Apple Messages standards, and is inconsistent with Plaintiff's own testimony.

*Meet and Confer*: We invited Plaintiff's counsel, Mr. Daniel Altaras, to meet and confer about Defendants' expert's findings. Specifically, we arranged for Defendants' expert to present his findings to Mr. Altaras, and provided Mr. Altaras with a copy of the expert's power point presentation to review with his client. We also informed Mr. Altaras of our intention to make this motion should Plaintiff refuse to voluntarily dismiss this action. Mr. Altaras subsequently informed us that "[m]y client remains adamant that Defendant Morales sent those sexually harassing text messages. Accordingly, any attempt to introduce this so-called forensic evidence at this late stage will be vigorously opposed." We again invited Mr. Altaras to a meet and confer to learn the basis for Plaintiff's position in light of the forensic evidence and the basis for Mr. Altaras's objection to our bringing this matter to the Court's attention. Mr. Altaras rejected our invitation. His response is attached as Exhibit B.

*Motion and Remedies*: Defendants seek permission to move for dismissal of the remaining claims in this action with prejudice and sanctions (including costs) against both Plaintiff and her counsel. Plaintiff spoliated evidence by not preserving the text messages in their original electronic form and disposing of cellphone B; perpetrated a fraud on Defendants and the Court by fabricating the Document; and committed perjury at her deposition by testifying that Morales sent her the text messages and by inventing the story about finding and photographing the alleged text messages on cellphone A. Mr. Altaras should have realized that the Document was not authentic upon hearing Plaintiff's testimony. At the latest, Mr. Altaras learned of the Document's falsity, and his client's perjury, upon being briefed by Defendants' forensic expert. His failure to advise the Court or take other remedial action violates the New York Rules of Professional Conduct, Rule 3.3.

Respectfully submitted,

*/s/ Jean L. Schmidt*

Jean L. Schmidt

Encls.
Cc: Daniel Altaras, Esq., Derek Smith Law Group, PLLC, *Counsel to Plaintiff*