

April 30, 2021

<u>Via ECF</u>
The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007



Re:   *Andrea Rossbach v. Montefiore Medical Center et al.*
      Civil Action No. 1:19-cv-05758-DLC

Dear Judge Cote:

This firm represents Plaintiff in the above case. I write pursuant to Rule 1.A of Your Honor's Individual Practice Rules, to respectfully request that Your Honor reconsider her decision with respect to Plaintiff's motion for sanction and costs against Defendants and their counsel for knowingly and willfully lying to the undersigned and Plaintiff's motion for Defendants to conduct the previously agreed upon forensic examination of Defendant Morales's phones.

As previously mentioned, the Parties agreed to conduct forensic examinations of both Plaintiff and Defendant Morales' phones. On March 31, 2021, Defendants' counsel informs the undersigned *for the first time* that "Defendants did not engage a forensic expert to conduct an examination of Norman Morales's phone." (Dkt. 71-2). Further, Defendants' counsel writes, "[t]o the extent that my use of the phrase 'the forensic examination of Norman Morales's phone' in my letter of October 9, 2020 lead you to understand that a forensic examination of his phone was done, that was not my intent and I apologize for the incorrect use of the term forensic." *Id*. Thus, Defendants' and their counsel knowingly and willfully lied to the undersigned by claiming for months that Defendant Morales' phones were forensically reviewed pursuant to the Parties' agreement during discovery.

On April 7, 2021, the undersigned filed a letter motion for sanctions and costs against Defendants and their counsel for knowingly and willfully lying to the undersigned and for Defendants to conduct the previously agreed upon forensic examination of Defendant Morales's phones. (Dkt. 71). On April 8, 2021, Your Honor, "ORDERED that the issues raised in the plaintiff's April 7 letter will be addressed at the previously scheduled April 22 conference." (Dkt. 72). On April 16, 2021, Defendants filed a letter opposition claiming that, "Plaintiff's motion is based on a misunderstanding and/or miscommunication regarding Defendants' counsel's use of the term 'forensic.'" (Dkt. 75). Further, Defendants claimed that they only intended to perform "the retrieval of data from an electronic device" and their agreed upon forensic examination "were purely data-gathering and searching operations." *Id*.

NYC Office: One Pennsylvania Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1845 Walnut Street, Suite 1600, Philadelphia, PA 19103 | (215) 391-4790
NJ Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Miami Office: 100 SE 2nd Street, Suite 2000, Miami, FL, 33131 | (305) 946-1884

On April 22, 2021, the Parties appeared before Your Honor at an evidentiary hearing to discuss Defendants' motion to dismiss/sanction and Plaintiff's motion for sanctions and the agreed upon forensic examination of Defendant Morales's phones. However, the undersigned did not have the opportunity to be heard at that hearing with respect to her motion against Defendants. The undersigned tried to argue Plaintiff's motion at the hearing, but before the undersigned could continue, Your Honor told the undersigned that the Court had already denied Plaintiff's motion. Thereafter, Your Honor issued an Order denying "Plaintiff's April 7, 2021 motion for sanctions." (Dkt. 80). However, it should be noted that in addition to a request for sanctions, Plaintiff's motion also requested that Your Honor order Defendants to conduct the previously agreed upon forensic examination of Defendant Morales's phones, at their own cost.

As a result of these events, the undersigned did not get the opportunity to note that Defendants' claim that they only intended to perform a data retrieval operation contradicts their own statements to the undersigned during discovery. Specifically, Defendants' counsel wrote to request a forensic examination of Plaintiff's phone because they needed to "***retrieve all information on the phone about a particular text message, including whether the message was altered in any way, or any information about deleted messages.***" (Dkt. 71-3). Further, Defendant's counsel stated that, "we intend to follow the same procedure outlined above for any electronic devices that Mr. Morales used to communicate with Plaintiff." *Id*. Thus, Defendants were seeking an actual forensic examination of these text messages which would include information concerning whether any text messages had been altered or deleted. As such, Defendants' latest correspondence to Your Honor claiming that they only intended to conduct "data-gathering and searching operations" runs counter to their statements to the undersigned and constitutes a separate and continued basis for sanction and costs.

Accordingly, Plaintiff respectfully requests that that Your Honor reconsider her decision and issue an Order assessing sanction and costs against Defendants and their counsel for knowingly and willfully lying to the undersigned by claiming that they had conducted a forensic examination of Defendant Morales's phones. Further, Plaintiff respectfully requests that Your Honor reconsider her decision and issue an Order for Defendants to conduct the previously agreed upon forensic examination of all electronic devices used by Defendant Morales to communicate with Plaintiff at Defendants' cost, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

/s/ Daniel Altaras
Daniel Altaras, Esq.
*Attorneys for Plaintiff*
One Penn Plaza, Suite 4905
New York, NY 10119
212-587-0760

```
The plaintiff's motion for
reconsideration is denied.  The
plaintiff has not presented any
issue of fact or law that was not
presented in the plaintiff's
earlier filings and considered by
the Court before its April 22, 2021
Order on the plaintiff's motion for
sanctions.  See Cho v. Blackberry
Limited, 991 F.3d 155, 170 (2d Cir.
2021).
Dated: May 3, 2021
```

_____
DENISE COTE
United States District Judge

2