```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ANDREA ROSSBACH,                         :
                                         :
                      Plaintiff,         :      19cv5758 (DLC)
                                         :
           -v-                           :           ORDER
                                         :
MONTEFIORE MEDICAL CENTER, NORMAN        :
MORALES, and PATRICIA VEINTIMILLA,       :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

In an Opinion and Order of August 5 (the "August 5 Opinion"), the Court granted the defendants' motion for sanctions and dismissed this action due to the plaintiff's willful misconduct in fabricating evidence, destroying evidence of her fabrications, and making misrepresentations to the Court. The August 5 Opinion also awarded to the defendants their attorneys' fees, costs, and expenses associated with addressing the plaintiff's misconduct and required the defendants to submit by August 26 an application for the amount of attorneys' fees, costs, and expenses that they seek pursuant to the August 5 Opinion.

On August 25, the plaintiff filed a notice of appeal of the August 5 Opinion and moved for a stay pending appeal from this Court. The defendants opposed the request for a stay in a

letter of August 26 and requested an extension of the deadline to make an application for attorneys' fees.

A stay pending appeal "is an exercise of judicial discretion," and a party is never entitled to a stay pending appeal as a matter of right. Uniformed Fire Officers Ass'n v. de Blasio, 973 F.3d 41, 48 (2d Cir. 2020) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). "[T]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of" judicial discretion. Id. In deciding whether a stay pending appeal is warranted, a court considers whether the applicant has made a "strong showing that he is likely to succeed on the merits," whether the applicant will incur irreparable injury in the absence of a stay, the likelihood of "substantial injury to the nonmoving party if a stay is issued, and the public interest." Id. The predominant factor is the applicant's likelihood of success on the merits: "[w]ith likelihood of success totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." Id. at 49.

In this case, the plaintiff is not entitled to a stay because she has not shown any likelihood of success on the merits, much less the requisite strong showing. As a basis for her claim that she is likely to succeed on appeal, the plaintiff

claims that the Court erred in making credibility determinations with respect to the plaintiff and her expert, that the defendants failed to show that the plaintiff acted in bad faith, and that the Court did not consider the plaintiff's additional evidence submitted in conjunction with her opposition to the defendants' motion for sanctions that purportedly supports her allegations against defendant Morales.  The Court addressed each of these issues in the August 5 Opinion and concluded, based on well-established Second Circuit law, that each of these arguments is meritless.  Accordingly, it is hereby

ORDERED that the plaintiff's motion for a stay pending appeal is denied.

IT IS FURTHER ORDERED that the defendants' request for an extension of the deadline to file their application for attorneys' fees is granted.  The defendants shall file their application for attorneys' fees by **August 30**.  Any opposition shall be filed by **September 13**.  Any reply shall be filed by **September 20**.

SO ORDERED:

Dated:   New York, New York
         August 26, 2021

                                              _____
                                                          DENISE COTE
                                              United States District Judge

3