UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                        :
ANDREA ROSSBACH,                  :
                                        :        19cv5758 (DLC)
                   Plaintiff,    :
                                          :
                     -v-            :       OPINION AND ORDER
                                          :
MONTEFIORE MEDICAL CENTER, NORMAN   :
MORALES, and PATRICIA VEINTIMILLA,   :
                                          :
                   Defendants.   :
                                          :
------------------------------------ X

APPEARANCES:

For plaintiff Andrea Rossbach:
Daniel Altaras
Derek Smith Law Group, PLLC
One Penn Plaza
Suite 4905
New York, NY 10119

For defendants Montefiore Medical Center, Norman Morales, and
Patricia Veintimilla:
Jean L. Schmidt
Nina Massen
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022

DENISE COTE, District Judge:

    In an Opinion and Order of August 5, 2021 ("the August 5
Opinion"), the Court sanctioned plaintiff Andrea Rossbach, her
attorney Daniel Altaras, and her attorney's law firm, Derek
Smith Law Group ("DSLG"), due to Rossbach's fabrication of
critical evidence in this case, her related perjury and
spoliation, and her counsel's failure to properly address

Rossbach's misconduct.  In an effort to compensate the defendants for losses they incurred as a result of this misconduct, the sanctions award included the defendants' attorneys' fees, costs, and expenses associated with addressing it.  Pursuant to the August 5 Opinion, the defendants have applied for $163,232.77 in attorneys' fees, costs, and expenses. For the following reasons, the application is granted in part.

## Background

The reasoning behind the Court's imposition of sanctions in this litigation is set forth in the August 5 Opinion.  See Rossbach v. Montefiore Medical Center, No. 19cv5758 (DLC), 2021 WL 3421569 (S.D.N.Y. Aug. 5, 2021).  In brief, the defendants in this workplace sexual harassment case informed the Court that documentary evidence central to the plaintiff's claims -- an image purporting to depict text messages sent to the plaintiff -- was a fabrication.  After an evidentiary hearing at which the Court heard testimony from the plaintiff, the plaintiff's forensic expert, and the defendants' expert, the Court found for a litany of reasons that the defendants had proven by clear and convincing evidence that the image had been fabricated, that Rossbach had perjured herself in her testimony regarding the image and its creation, and that Rossbach had spoliated evidence related to the creation of the image.  The defendants moved for

sanctions and the August 5 Opinion imposed sanctions -- pursuant to the Court's inherent power, 28 U.S.C. § 1927, and Fed. R. Civ. P. 37 -- in the form of dismissal with prejudice and a compensatory monetary sanction in the amount of the defendants' attorneys' fees, costs, and expenses associated with addressing Rossbach's misconduct.

An Order of August 5 set a briefing schedule for determination of the monetary sanction awarded by the August 5 Opinion, and the defendants filed their application for attorneys' fees, costs, and expenses on August 30.  The defendants have requested an award of $163,232.77, of which $108,095.50 is attorneys' fees and $55,137.27 is costs and expenses.[1]  This sum reflects the attorneys' fees, costs, and expenses incurred in engaging an expert to assess the disputed image; presenting the expert's findings to the plaintiff and her counsel; preparing for the evidentiary hearing; conducting the evidentiary hearing; moving for sanctions; and preparing the instant fee application.  The fee application became fully submitted on September 20.

---

[1] The defendants requested in their initial submission a sum of $164,801.27, but in their reply submission, they reduced their requested award.

**Discussion**

When a court imposes a monetary sanction against a party in the amount of its adversary's attorneys' fees, the familiar lodestar method is used to calculate the appropriate sum.  See, e.g., River Light V, L.P. v. Lin & J Intern., Inc., No. 13cv3669 (DLC), 2015 WL 3916271, at *9-11 (S.D.N.Y. June 25, 2015); GTFM, Inc. v. Solid Clothing, Inc., No. 01cv2629 (DLC), 2002 WL 31886349, at *1-2 (S.D.N.Y. Dec. 26, 2002).  Calculating the lodestar requires "determining a reasonable hourly rate by considering all pertinent factors . . . and then multiplying that rate by the number of hours reasonably expended to determine the presumptively reasonable fee." Lilly v. City of New York, 934 F.3d 222, 230 (2d Cir. 2019).  The reasonable hourly rate is one "in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  To permit calculation of the lodestar, "attorneys are required to keep and submit contemporaneous records with their fee applications, absent unusual circumstances outside the attorney's control." Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017).

The calculation of attorneys' fees "should not result in a second major litigation," because "[t]he essential goal in

4

shifting fees . . . is to do rough justice, not to achieve
auditing perfection." <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011)
(citation omitted).  Therefore, a court "may take into account
[its] overall sense of a suit" in imposing a fee award, "and may
use estimates in calculating and allocating an attorney's time."
<u>Id</u>.

Using the lodestar method, the defendants have calculated
the appropriate fee award as $108,095.50.  With costs and
expenses of $55,137.27, they request a total award of
$163,232.77.  Based on the Court's familiarity with the record
and its review of the defendants' motion papers and the
contemporaneous time records submitted with the defendants'
motion, the Court finds that, with the following exception, the
tasks performed were integrally connected with the conduct
necessitating the imposition of sanctions and the hours expended
on those tasks were reasonable.

The sole exception is the work done by the defendants to
respond to the plaintiff's April 7, 2021 motion for sanctions.
The plaintiff's motion for sanctions was without merit and
likely made to divert attention from the defendants' motion for
sanctions, as the plaintiff's motion for sanctions was filed
shortly after the defendants' request for leave to file a motion
for sanctions and involved subject matter similar to that

presented by the defendants' request.  It was not unreasonable for the defendants to include this work in their request for reimbursement, particularly given that the Court previously concluded in the August 5 Opinion that the plaintiff's motion for sanctions was frivolous and cited it as one of the ways in which Altaras "unreasonably and vexatiously" multiplied proceedings in this case.  Rossbach, 2021 WL 3421569, at *9 (quoting 28 U.S.C. § 1927).  Nevertheless, in an exercise of discretion, the Court will exclude from the award the $6,206.50 in attorneys' fees incurred by the defendants in responding to the plaintiff's motion for sanctions.

Rossbach and her counsel argue, in essence, that no monetary sanction should be imposed at all, but that if a monetary sanction is to be imposed, it should cover only the costs, fees, and expenses incurred after the evidentiary hearing held to address the defendants' allegations, and that the sum of the award should be reduced because the defendants' request reflects an excessive number of billable hours.[2]  These objections are meritless.  The blanket objection to the Court's imposition of any monetary sanctions is untimely.  The August 5

---

[2] Rossbach and her counsel do not take issue with the billing rates of the defendants' counsel, nor do they appear to dispute that, if costs and expenses are to be imposed, $55,137.27 is the appropriate sum.

Opinion awarded monetary sanctions, and if Rossbach and her counsel took issue with that determination, the correct means of revisiting it was a timely motion for reconsideration of the August 5 Opinion.  The suggestion that the fee award should include only expenses incurred after the evidentiary hearing is similarly untimely.  The August 5 Opinion specified that the fee award would include all work and expenses incurred by the defendants in addressing the plaintiff's misconduct, not only those incurred after the hearing.

In their remaining objection, Rossbach and her counsel assert that the defendants billed an excessive number of hours to this matter.  They contend that, with the elimination of excessive hours and certain categories of work, the overall sum of monetary sanctions should be reduced to $86,378.27.  This argument has a fundamental flaw: it was largely the actions of Rossbach and Altaras that dictated the kinds of work and the amount of work undertaken by defense counsel.  As the August 5 Opinion explains, Rossbach attempted to stymie the defendants in their efforts to uncover her fabrication through a lengthy campaign of perjury and spoliation.  Instead of acting in accordance with his professional obligations, Altaras facilitated that campaign.  And at every step of the way, Rossbach and Altaras opted to prolong this litigation –- and, by

extension, increase the defendants' legal bills –- in an effort to evade accountability for their misdeeds.

While Rossbach and her counsel quibble with the top-line number of hours devoted to certain aspects of litigating this matter such as preparing for the evidentiary hearing and drafting the ensuing sanctions motion, defense counsel expended a reasonable number of hours on those tasks.  Rossbach and her counsel also object generally to billing entries they describe as vague.  But the records were sufficiently clear as to "allow the court to conduct a meaningful review of the hours requested."  Restivo, 846 F.3d at 591.  Finally, Rossbach and her counsel object to an award of fees to the defendants for the preparation of their fee application, but the Second Circuit has held, "unless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed." Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053, 1060 (2d Cir. 1995).

## Conclusion

The defendants are awarded from Rossbach, Altaras, and DSLG $157,026.27 in attorneys' fees, costs, and expenses. Rossbach, Altaras, and DSLG shall be jointly and severally liable for this award. The Clerk of Court shall enter judgment for the defendants and close this case.

Dated:    New York, New York
          October 22, 2021


                                    _____
                                           DENISE COTE
                                 United States District Judge

9